IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

JAMIE COZORT, in his own right,
and on behalf of others
Similarly situated;

    Plaintiff,

v.                                            CIVIL ACTION NO  1:19-cv-00161

LEGACY LAND MANAGEMENT, INC.,
KENNETH LAMBERT, and SHERRI
LAMBERT, individually

    Defendants.

## COMPLAINT

1. The Plaintiff Jamie Cozort is a resident of West Virginia.

2. The Defendant Legacy Land Management, Inc. ("Legacy" hereinafter) is a West Virginia Corporation licensed to do business in West Virginia and doing business in West Virginia.

3. The Defendant Kenneth Lambert is the Incorporator and President of the Defendant Legacy and is responsible for creating and implementing the policies and procedures of the corporate Defendant. The responsibilities included, but were not limited to, collecting health and dental insurance premiums for Legacy employees and making sure payment was made to the health insurance provider for Legacy employees.

4. The Defendant Sherri Lambert is the Incorporator of the Defendant Legacy and is responsible for creating and implementing the policies and procedures of the corporate Defendant. The responsibilities included, but were not limited to, collecting health and dental

insurance premiums for Legacy employees and making sure payment was made to the health insurance provider for Legacy employees.

5. Under 36 U.S.C. § 1331, this Court has original jurisdiction as the Plaintiff has brought claims under the Fair Labor Standards Act. This Court has personal jurisdiction over Legacy as it is a domestic corporation conducting business in this State and within the geographic boundaries of this Court's jurisdiction. As such, venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b)(1), (c)(2).

6. Legacy is an "Employer" as that term is defined by the West Virginia Wage Payment and Collection Act, ("WVWPCA") W.Va. Code § 21-5-1 et. seq., and the Fair Labor Standards Act, ("FLSA") 29 USC § 201, et. seq. *See* W.Va. Code § 21-5-1; 29 USC §203.

7. Plaintiff and his co-workers are "Employees" as that term is defined by the WVWPCA, W.Va. Code § 21-5-1, and FLSA, 29 U.S.C. § 203.

8. At all relevant times, Plaintiff and others similarly situated were employed by Defendant Legacy.

9. The Plaintiff was issued paychecks by Defendant Legacy for work performed.

10. Monies were withheld from the Plaintiff's paycheck for health and dental insurance premiums by the Defendant, Legacy.

11. The Defendants did not pay the health and dental insurance premiums, despite withholding wages earned from the Plaintiff's paycheck.

12. The Plaintiff and his family incurred medical bills during this period while his health insurance through the Defendant Legacy was cancelled for non-payment of the premiums by the Defendants.

13. On the Plaintiff's "pay stub" it was indicated that a portion of his employment money was being withheld for the payment of the Plaintiff's health insurance premiums. The Defendants did not pay the Plaintiff's health insurance premiums and instead kept the Plaintiff's money they withheld from his paycheck.

14. The Defendants' stealing and then keeping the Plaintiff's money was done without the consent of the Plaintiff.

15. Defendant Legacy has violated the terms of the aforementioned Acts by withholding money for health and dental insurance premiums for employees, including Plaintiff and his co-workers, and not using the money to pay those health insurance premiums.

16. The acts of the Defendants constitute the tort of conversion.

17. The acts of the Defendants constitute larceny and is therefore a cause of action.

18. The Defendants have been unjustly enriched by their conducted herein.

19. The Defendants acts set forth above were intentional, willful, wanton, and malicious.

20. As a direct and proximate result of the Defendants' conduct herein, the Plaintiff and others similarly situated employees, were denied the benefit of their health and dental insurance coverage for which they paid health insurance premiums.

21. As a direct and proximate result of the Defendants' conduct herein, the Plaintiff and others similarly situated employees, incurred medical expenses which were not covered by their health insurance as it had been cancelled due to non-payment of premiums by the Defendants.

22. As a direct and proximate result of the Defendants' conduct herein, the Plaintiff and others similarly situated employees, were forced to forego medical treatment including

having prescriptions filled, as their health insurance had been cancelled for non-payment of premiums by the Defendants.

## CLASS ACTION ALLEGATIONS

Plaintiff incorporates and restates all of the above and further pleads:

23. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action against Defendants, individually, and on behalf of a class of all West Virginia residents who had money withheld from their paychecks for health insurance premiums but those premiums were not paid in violation of the West Virginia Wage Payment and Collection Act and Fair Labor Standards Act, and common law.

24. Upon information and belief, the members of the class are in the hundreds, possibly thousands and, as such, are too numerous to be practicably joined.

25. There are numerous questions of law or fact common to the class including the resolution of the factual and legal claims raised herein.

26. The claims of the named Plaintiff are typical of the claims of the class.

27. The named Plaintiff and his undersigned counsel will fairly and adequately protect the interests of the class.

28. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

29. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

30. The individual Defendants Kenneth Lambert and Sherri Lambert are individually jointly and severally liable as they are officers and directors and were not properly paying employees under the West Virginia Wage and Payment Act and FCSA. The individual Defendants were unjustly enriched by stealing monies from the Legacy Employees.

31. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendants and for the Plaintiff and the Class on the Complaint providing for the following:

1. A refund of all monies converted for their own use from the paychecks of the Plaintiff.

2. Compensatory damages for the general and special damages set forth above;

3. Statutory, liquidated, and treble damages provided for in the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act respectively;

4. Punitive damages for the intentional, willful, wanton, oppressive, malicious and/or reckless conduct of the Defendant;

5. An award of interest, costs, and attorney fees;

6. All other relief determined by the Court to be just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

PLAINTIFF

BY COUNSEL

/s Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax: 304-346-2895

And

Anthony M. Salvatore (WVSB 7915)
Greg A. Hewitt (WVSB 7457)
Hewitt & Salvatore, PLLC
204 North Court Street
Fayetteville, WV 25840
Phone: 304-574-0272
Fax: 304-574-0273