```
                   UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

**JAMIE COZORT,**

      **Plaintiff,**

**v.**                                                                 **CIVIL ACTION NO. 1:19-00161**

**LEGACY LAND MANAGEMENT, INC.,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend his Complaint. (ECF No. 18). Defendants have not opposed plaintiff's motion.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure]. If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

According to plaintiff, only through discovery did he discover the need to name additional parties. Therefore, Rule 16(b)'s good cause requirement is satisfied.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing his motion to amend. Furthermore, the court finds that defendants would not suffer undue prejudice by the filing of the amended complaint.

Likewise, at this juncture, the court cannot find that plaintiff's claims are futile. While the claims may ultimately be subject to dismissal or the entry of judgment in defendant's favor, it is not clear at this point in the proceeding that such a claim is futile. See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the

possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Based on the foregoing, plaintiff has established that he is entitled under Rule 15 to amend his Complaint. Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the amended complaint (attached as an exhibit to the motion to amend). Furthermore, because an amended complaint is to be filed, defendant's motion to file an amended answer to the original complaint (ECF No. 26) is **DENIED** without prejudice as moot.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 16th day of June, 2020.

>	ENTER:
>
>	_David A. Faber_
>	David A. Faber
>	Senior United States District Judge